MACK v. DAVIDSON.

(Superior Court of New York City, General Term.   April 7, 1890.)

**1. APPEAL—REVIEW—OBJECTIONS WAIVED.**
    After defendant had examined several witnesses, plaintiff moved for a verdict, and excepted to the denial of his motion.   Held that, in the absence of a showing to the contrary, it would be presumed that defendant had rested when the motion was made, and that the motion was made for such a verdict as had been theretofore stipulated for; and that plaintiff did not lose the benefit of his exception by calling witnesses in rebuttal, and thus endeavoring to have his case most favorably presented to the jury.

**2. ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION TO SET ASIDE—BURDEN OF PROOF.**
    The rule that the burden of proof is upon the attacking creditors to show the invalidity of a general assignment applies, whether the creditor is plaintiff or defendant.

Appeal from jury term.

Action by Jacob W. Mack, as assignee for benefit of creditors of Rindskopf Bros. & Co., against Alexander V. Davidson, as sheriff of the city and county of New York, to recover damages for the alleged conversion of merchandise formerly belonging to the assignors, and levied on in possession of plaintiff, by defendant, as sheriff, under legal process issued at the instance of creditors of the firm.   The jury found for defendant, and from the judgment entered on their verdict plaintiff appeals.

Argued before TRUAX and DUGRO, JJ.

Stern & Myers, for appellant.   Cockran & Clark, for respondent.

DUGRO, J.   It seems that, after the defendant had called and examined several witnesses, the plaintiff moved for a verdict, and excepted to the denial of his motion.   The court thereafter made a statement, whereupon witnesses were called for the plaintiff in rebuttal.   Nothing appearing in the case to the contrary, it is fair to presume that the defendant had rested when the motion was made, and that the motion was for such a verdict as the parties had provided for by their stipulation theretofore made.   The exception is therefore available.   It seems to have been well taken, for no evidence appears in the case from which the jury could infer that the indorsement upon the Thompson note was unauthorized.   The evidence would sustain a finding that the indorsement was not shown to have been authorized, but this is not enough.   The burden was upon the defendant, having assailed the validity of the assignment, to show the indorsement unauthorized.

It is claimed by appellant that Buchman's evidence was sufficient to warrant an inference that he was unauthorized to make the indorsement, and particular reliance seems to be placed on the fact that Buchman stated to Nathan, in response to the latter's request for the firm indorsement, that "it could easily be done, no doubt of it;" and after this sent the note to Nathan without the firm indorsement, and only after pressure indorsed the note, as appears in evidence.   Whether this evidence would be sufficient to permit an inference that there was a lack of general authority it is unnecessary to determine.   It would certainly not warrant an inference that Buchman had not obtained special authority to act as he did.

Buchman's statement that he would not be sure that Rosenthal was present, but thought he was, on the occasion when he claims to have been specially authorized to indorse the note, falls short of evidence warranting an inference that Rosenthal was not present.   The rule that the burden of proof is upon the attacking creditor to show the invalidity of the assignment is applicable to this case, as in Bernheimer v. Rindskopf, 22 N. E. Rep. 1074.   That in the one case the creditor is a plaintiff, and in the other a defendant, does not affect the applicability of the rule.   The defense in this action is an affirmative one.   The appellant's counsel makes a point as follows: "The

plaintiff by not insisting, and standing thereon, that there was no evidence which would justify the submission of the case to the jury, is now estopped from claiming that there was no evidence to justify the finding;" and refers to several cases as authority. None of these support his proposition. No estoppel arises under such circumstances. After plaintiff's exception to the denial of his motion for a verdict, he did not deprive himself of the benefit of his exception by endeavoring to have his case presented to the jury most favorably for his client. The judgment should be reversed, and a new trial ordered, with costs to abide the event.